[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: RHINEHART'S MOTION TO STRIKE NO.120 BRINCKERHOFF'S MOTION TO STRIKE NO 123
The plaintiff's original complaint was stricken by this court on August 22, 1997. Subsequent thereto, the plaintiff filed a third revised complaint which the defendants now move to strike. This complaint contains several new allegations. For example, the plaintiff alleges that "the defendant knew or should have known that the plaintiff and his wife had previously engaged in marriage counselling and . . . the plaintiff demanded to consult in person with the defendant and was refused by him." (Third Revised Complaint, First Count, ¶ 7.)
This complaint further alleges that "[t]he defendants herein owed a duty to the plaintiff to treat Diane within the standard of care because they knew or should have known that the marriage of the couple was and could be in jeopardy and that treatment would directly effect [sic] said marriage." (Third Revised Complaint, First Count, ¶ 11; see also Third Count, ¶ 10.) The plaintiff also alleges that he "paid bills of the defendant, of which the defendant was aware and accepted by him, and . . . he knew, or should have known, that the effect of her treatment and counselling would directly effect [sic] the plaintiff and his marriage." (Third Revised Complaint, Second Count, ¶ 13; see also Fourth Count, ¶ 13.)
These revisions do not alter the basic character of the plaintiff's original allegations.[1] Thus, this revised complaint is insufficient for the reasons previously stated by this court in its memorandum of decision granting the original motion to strike. Therefore, counts one through eight of the plaintiff's third revised complaint are, accordingly, stricken.
Moraghan, J.